UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

   Plaintiff,

v.

MICHAEL DAVID BLEDSOE

   Defendant.

_____/

Case No. 1:25-mj-35

Hon. Sally J. Berens
U.S. Magistrate Judge

### Brief in Support of Detention

Armed with only a working cell phone, Michael Bledsoe would still pose a sexual threat to children. Accordingly, no condition or combination of conditions can reasonably assure the safety of the community while he awaits trial, and the government asks that he be detained pending trial pursuant to 18 U.S.C. § 3142(e)(1).

### I. Factual Background[1]

Michael Bledsoe has been using the internet to morph innocent images of real children into child pornography. He has victimized at least five separate children this way, and investigators suspect the actual number of victims may reach as high as seven.

Often unbeknownst to his child victims (all of them girls), Bledsoe collected victim photos for his own use, on at least one occasion capturing a photo on social media where it was publicly available. Afterwards, Bledsoe used different methods to turn these lawful, non-sexual pictures, into hyper-realistic, sexually explicit images. Many, and

---

[1] Consistent with the procedures described in 18 U.S.C. § 3142(f), the government provides the facts in this brief by way of proffer. It is likely the government will proffer additional facts during the detention hearing.

perhaps most, of these victims may not even know who Bledsoe is, for he appears to have scoured the online relationships of one or two known victims in order to find others. (E.g., finding an online photo of Victim 1 (someone who knows Bledsoe) but also featuring Victim 2 (a friend of Victim 1), etc.)

Unfortunately for the victims, Bledsoe created these images using methods that have made them available to other consumers of child pornography. For example, on at least one occasion, Bledsoe used the social messaging application Kik to send clothed images of two, different minor victims to another Kik user. Bledsoe requested that the user transform the images into sexually explicit photos, and the other user did so, sending the images back to Bledsoe for his own use. Afterwards, Bledsoe used a website to transform other images of other victims into child pornography, which he then saved afterwards on his own device.

## II. ARGUMENT

Bledsoe inherently surrendered control over the newly created child pornography to the internet with each of these methods. There is no way of knowing where and how many of these images have been distributed elsewhere, but the odds seem high that other unknown individuals have accessed these sexual photos – they were created and stored on servers over which Bledsoe himself has no control, in circumstances where the people controlling the servers plainly have little or no regard for the privacy and psychological well-being of the children. After all, Bledsoe wanted to use these children to explore his own sexual fantasies, and he found like-minded individuals so that he could accomplish his goal.

The defense may argue that Bledsoe has not harmed children since he did not physically rape any of them himself. But the Supreme Court and multiple federal courts of appeal would disagree. Unlike completely artificial images, morphed images "implicate the interests of real children," and the government has a legitimate interest in protecting against "injury to [a] child's reputation and emotional well-being." *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 242, 249 (2002). Children featured in morphed child pornography constitute "real victims with real injuries . . . ." *Doe v. Boland*, 698 F.3d 877, 884 (6th Cir. 2012). They can suffer the significant "reputational harm" that occurs when these explicit images circulate on the internet. *United States v. Hotaling*, 364 F.3d 725, 730 (2d Cir. 2011). What's worse, victims must often endure the "psychological harm of knowing that their images were exploited and prepared for distribution," sometimes by a "trusted adult."[2] *Id.* "Morphed images of children engaged in sexual activity directly implicate the interest of protecting children from harm . . . ." *Shoemaker v. Taylor*, 730 F.3d 778, 786 (9th Cir. 2013).

"The Supreme Court has made it clear that [this] harm begins when the images are created." *Hotaling*, 634 F.3d at 730 (citing *Free Speech Coal.*, 535 U.S. at 254). But the possibility of circulation can cause intense and enduring psychological harm. Long after sexual images are created, a child must go through life knowing that these images are "'circulating with the mass distribution system for child pornography.'" *New York v. Ferber*, 458 U.S. 747, 759 n. 10 (1982) (quoting Shouvlin, Preventing the Sexual Exploitation

---

[2] At least one of the victims in this case had a "trusted adult" relationship with Bledsoe.

3

of Children: A Model Act, 17 Wake Forest L.Rev. 535, 545 (1981)). Knowledge of publication "of the visual material increases the emotional and psychic harm suffered by" child victims. *Id.* (quoting Note, Protection of Children from Use in Pornography: Toward Constitutional and Enforceable Legislation, 12 U.Mich.J. Law Reform 295, 301 (1979)).

Given these serious risks, it is fitting that the law presumes "that no condition or combination of conditions will reasonably assure . . . the safety of the community" while Bledsoe awaits trial. 18 U.S.C. § 3142(e)(3)(E).[3] Even if placed on home detention, Bledsoe could re-victimize the same victims or find additional victims if he ever gained access to a working smartphone. Mitigating against this risk would be extremely difficult. Smartphones are readily available at low prices, and Bledsoe could easily arrange to have one delivered to his home without the knowledge of the U.S. Probation Office. Given this precariously low risk of detection, and given then magnitude of the harm Bledsoe could cause, the government submits that the only way to reasonably assure the safety of the community is to detain Bledsoe pending trial.

Respectfully submitted,

ANDREW BYERLY BIRGE
Acting United States Attorney

Dated: February 4, 2025

/s/ *Austin J. Hakes*
AUSTIN J. HAKES
Assistant United States Attorney
P.O. Box 208
Grand Rapids, Michigan 49501
Tel. (616) 456-2404

---

[3] The presumption arises because Bledsoe is charged by complaint with the attempted sexual exploitation of a child contrary to 18 U.S.C. § 2251. *See* 18 U.S.C. § 3142(e)(3)(E) (listing presumption offenses.

4